## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| MUSIC CHOICE,<br><br>               Appellant,<br><br>       v.<br><br>COPYRIGHT ROYALTY BOARD,<br><br>               Appellee. | Case No. 13-1174<br>(Consolidated with 13-1183) |

## APPELLANT'S PRELIMINARY STATEMENT
## OF ISSUES TO BE RAISED

Pursuant to the Court's Order, dated May 15, 2013, counsel for Appellant Music Choice submits its preliminary statement of issues it intends to raise in this appeal:

1.      Whether the Copyright Royalty Board's use of the prior Preexisting Subscription Service ("PSS") royalty rate (the "PSS Settlement Rate") as the benchmark to derive the PSS rate for the new rate period was arbitrary and capricious, an improper departure from applicable precedent, an abuse of discretion, legally erroneous, or unsupported by substantial record evidence when the PSS Settlement Rate was the product of (1) an overestimate of the PSS' musical composition public performance license rate used as a benchmark by the Librarian of Congress to set the PSS rate in the first PSS rate-setting proceeding

and (2) a series of subsequent litigation settlements carrying over the first rate with small increases, which the undisputed record evidence demonstrated were obtained by SoundExchange solely due to unequal bargaining power caused by, *inter alia*, the disparate impact of rate litigation costs on a small company such as Music Choice as compared to an industry-wide collective such as SoundExchange.

2.      Whether the Copyright Royalty Board's rejection of Music Choice's proposed musical composition performance license benchmark, which had previously been used by the Librarian of Congress to set the PSS rate, was arbitrary and capricious, an improper departure from applicable precedent, an abuse of discretion, legally erroneous, or unsupported by substantial record evidence.

3.      Whether the Board's use of the four policy objectives listed in section 801(b)(1) of the Copyright Act to adjust the PSS Settlement Rate instead of using the objectives to select a PSS rate from within a range of reasonable rates was arbitrary and capricious, an improper departure from applicable precedent, an abuse of discretion, legally erroneous, or unsupported by substantial record evidence.

4.      Whether the Board's analysis and application of the Section 801(b) policy factors to the PSS Settlement Rate was arbitrary and capricious, an improper

departure from applicable precedent, an abuse of discretion, legally erroneous, or unsupported by substantial record evidence.

5.     Whether the Board's issuance of a rate increase based solely upon a planned future channel expansion by Music Choice (which rate increase was neither proposed by any party to the proceeding nor raised by the Copyright Royalty Judges at any time during the proceeding) despite the lack of certainty as to whether or when the channel expansion would actually happen and the lack of any record evidence supporting any basis for the rate increase, including the Board's assumption that a channel expansion would lead to increased listening hours without a relative increase in revenue was arbitrary and capricious, an improper departure from applicable precedent, an abuse of discretion, legally erroneous, or unsupported by substantial record evidence.

6.     Whether the Board's analysis and application of the first Section 801(b) policy objective (maximizing the availability of creative works), including its interpretation of this objective as being satisfied by any rate that has not caused the licensed service to reduce its music offerings or exit the business and its determination that the PSS Settlement Rate satisfied this objective, was arbitrary and capricious, an improper departure from applicable precedent, an abuse of discretion, legally erroneous, or unsupported by substantial record evidence.

7.     Whether the Board's analysis and application of the second Section 801(b) policy objective (affording a fair return and fair income under existing market conditions), including its determination that Music Choice had earned a fair income under the PSS Settlement Rate based upon Music Choice's consolidated financial data, which included various revenues from unrelated business lines, and the Board's rejection of Music Choice's financial evidence on the ground that the evidence supposedly included revenues and costs from Music Choice's commercial music service, was arbitrary and capricious, an improper departure from applicable precedent, an abuse of discretion, legally erroneous, or unsupported by substantial record evidence.

8.     Whether the Board's analysis and application of the third Section 801(b) policy objective (weighing the relative roles of copyright owners and users), including its interpretation of this objective as being satisfied by any rate that has not prevented a licensed service from making improvements to the service and the Board's determination that the PSS Settlement Rate already satisfied this objective, was arbitrary and capricious, an improper departure from applicable precedent, an abuse of discretion, legally erroneous, or unsupported by substantial record evidence.

9.     Whether the Board's analysis and application of the fourth Section 801(b) policy objective (minimizing disruptive impact), including its interpretation

of this objective as being satisfied by any rate that does not directly produce an

adverse impact that is substantial, immediate, and irreversible in the short run and

its determination that the PSS Settlement Rate satisfied this objective because

Music Choice had not yet been put out of business and had continued to improve

its service, was arbitrary and capricious, an improper departure from applicable

precedent, an abuse of discretion, legally erroneous, or unsupported by substantial

record evidence.

Dated:  June 14, 2013          Respectfully submitted,

   /s/ Paul M. Fakler
Paul M. Fakler
ARENT FOX LLP
1675 Broadway
New York, NY 10019-5874
Tel: 212.484.3900
Fax: 212.484.3990
paul.fakler@arentfox.com

Martin F. Cunniff
ARENT FOX LLP
1717 K Street, N.W.
Washington, D.C.  20036
Tel: 202.857.6000
Fax: 202.857.6395
martin.cunniff@arentfox.com

*Attorneys for Appellant Music Choice*

## CERTIFICATE OF SERVICE

I, Paul M. Fakler, certify that on this 14th day of June, 2013, I served the foregoing Music Choice's Preliminary Statement of Issues by filing it with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/EMF system and that counsel designated below are registered CM/EMF users. I further certify that I have caused copies of the foregoing Music Choice's Preliminary Statement of Issues to be sent to the counsel designated below by email and first-class mail.

| | |
|---|---|
| R. Bruce Rich<br>Bruce S. Meyer<br>Todd D. Larson<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Fax: (212) 310-8007<br>r.bruce.rich@weil.com<br>bruce.meyer@weil.com<br>todd.larson@weil.com<br><br>Counsel for Sirius XM Radio, Inc. | David A. Handzo<br>Michael B. DeSanctis<br>Jared O. Freedman<br>JENNER & BLOCK LLP<br>1099 New York Ave., N.W.<br>Washington, D.C. 20001<br>dhandzo@jenner.com<br>mdesanctis@jenner.com<br>jfreedman@jenner.com<br><br>Counsel for SoundExchange, Inc. |
| Mark R. Freeman<br>Scott R. McIntosh<br>Civil Division, Appellate Staff<br>U.S. Department of Justice<br>950 Pennsylvania Ave. N.W., Room 7228<br>Washington, D.C. 20530<br>mark.freeman2@usdoj.gov<br>scott.mcintosh@usdoj.gov | |

     /s/ Paul M. Fakler
         Paul M. Fakler